VIGERMINA AMY, Petitioner, *v.* DISTRICT COURT OF GUAYAMA, Respondent.

No. 1265.   Argued December 24, 1941.—Decided January 13, 1942.

*Manuel A. Rivera* for petitioner.   *M. Guzmán Texidor* for several heirs interested in the main action.

Mr. Justice De Jesús delivered the opinion of the court.

On December 23 1941, the interveners in the present proceeding filed a motion in the lower court for the removal of the judicial administratrix of the estate of Arturo Umpierre Carmona. Notice of the motion was served by mail on the judicial administratrix, but not on her attorney who, being ill, sent a telegram on October 2 to the judge below, stating that for the last ten days he had been confined to bed by order of his physician, suffering from bronchitis, and on that account he prayed that the hearing be postponed to a reasonable date and that the authors of said motion be ordered to serve him with copy thereof. The court granted the petition and postponed the hearing of the motion to the 10th of the same month. As Attorney Rivera was still ill, he mailed on October 8, a motion to the lower court, notice of which was served on the attorney for the adverse party, requesting a further continuance, and exhibiting an affidavit from Dr. Talavera to the effect that he was giving medical treatment to Attorney Manuel A. Rivera, who was confined to bed with respiratory influenza. On October 9 the lower court made an order denying the continuance sought, and it does not appear from the record that notice of said order was served on Attorney Rivera or on his client, the petitioner herein, and on the next day, October 10, the said motion was heard without the appearance of the judicial administratrix.

On the 5th of the following November the lower court made an order removing the judicial administratrix and appointing in her place Arturo Umpierre Colón, upon the furnishing of a $5,000 bond.

In order to review the order of the court denying the continuance, counsel for the judicial administratrix instituted the present certiorari proceeding.

It appears from the record that the judicial administratrix is the widow of decedent Umpierre Carmona,

and it also appears therefrom that she has applied large sums of her separate funds to meet certain debts of the judicial administration.

Without going into an examination of the reasons that might be alleged for a removal of the judicial administratrix, we should consider whether or not the court actually abused its discretion in refusing to give her an opportunity to be heard in her own defense. There is no doubt that the granting of a continuance is a matter which rests in the sound discretion of the court; but it is a well-settled rule that where courts go beyond or abuse such discretion, superior courts may, on certiorari, interfere to review any order that may have been made to the prejudice of a party under such circumstances. *State ex rel. Fletcher* v. *District Court,* (Iowa), 80 A.L.R. 339.

The modern tendency of courts is to determine cases on their merits, granting to each litigant an opportunity to fully submit his contention, thus precluding the administration of justice on the basis of chance, hazard or contingencies so hard to anticipate as the sudden illness of a party, or of his attorney, or of an essential witness. The ends of justice would not have in the least suffered if the court, taking into account the inability on the part of the judicial administratrix to be adequately represented by counsel, had postponed the hearing of the motion a few days longer or, if speedy action was really necessary, had given her an opportunity to appoint another attorney who might have been ready to represent her interests within the shortest time possible under the circumstances. That the case was not so urgent, as stated by the court below in its order, is shown by the fact that said order was not made until after the lapse of twenty-six days from the hearing, that is, on November 5th last, and that notice thereof was not served until thirteen days thereafter, on the 18th of the same month.

By the refusal to postpone the hearing of the motion, the judicial administratrix was prevented from having her day in court, and that being so, the lower court did not made proper use of its discretion. Therefore, the order of October 9, 1941, and all subsequent proceedings should be set aside and the case remanded to the lower court with instructions to set a day for hearing anew the motion for removal of the judicial administratrix, and, after giving the parties an opportunity to be heard, to render a decision according to law.